**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF OKLAHOMA**

|  |  |  |
|---|---|---|
| DAVID L. JACKSON, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | |
| | ) | Case No. CIV-23-439-PRW |
| WILLIAM CHRIS RANKINS, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

## ORDER

Before the Court is Magistrate Judge Shon T. Erwin's Report and Recommendation (Dkt. 18) and Petitioner's Objections to the Report (Dkt. 19). For the reasons discussed below, the Court **ADOPTS** the Report and Recommendation and **DENIES** Petitioner's habeas Petition (Dkt. 1).

### *Background*

On January 29, 2020, Petitioner was convicted in Comanche County District Court on three counts: (1) Discharging a Firearm into a Dwelling, in violation of 21 O.S. § 1289.17A after former conviction of two or more prior felonies; (2) Assault and Battery with a Deadly Weapon, in violation of 21 O.S. § 652 after former conviction of two or more prior felonies; and (3) Possession of a Firearm After Former Conviction of a Felony,

in violation of 21 O.S. § 1283(A).[1] The convictions stemmed from the firing of a rifle into an occupied duplex.

Petitioner filed a direct appeal to the Oklahoma Court of Criminal Appeals ("OCCA"), which affirmed his conviction. Petitioner's writ of certiorari was denied by the United States Supreme Court. Petitioner then applied for post-conviction relief before the Comanche County District Court. The District Court denied Petitioner's application, and the OCCA then affirmed that denial.[2]

Petitioner filed the present Petition (Dkt. 1) on May 18, 2023, alleging seven grounds for relief:

1.  Double Jeopardy;

2.  Oklahoma's recoupment statute is unconstitutional;

3.  Actual Innocence;

4.  Ineffective Assistance of Trial Counsel;

5.  Ineffective Assistance of Appellate Counsel;

6.  Violation of the Speedy Trial Act; and

7.  *Brady* violation.

### *Legal Standard*

This Court's review is governed by the standards of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under AEDPA, habeas relief may be granted only

---

[1] OCCA Op. (Dkt. 14, Ex. 1).

[2] OCCA Post-Conviction Op. (Dkt. 14, Ex. 14).

if the state court's adjudication of the issues "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court" or "was based on an unreasonable determination of the facts in light of the evidence presented."[3] Factual findings are not "unreasonable" just because this or some other reviewing court might have found the facts differently in the first instance.[4] Rather, this court must defer to the state court determination of the issue so long as "reasonable minds reviewing the record might disagree about the findings in question."[5]

"A state court's determination that a claim lacks merit precludes federal habeas relief so long as fairminded jurists could disagree on the correctness of the state court's decision."[6] This Court's review of OCCA's determinations is thus highly deferential. On ineffective assistance of counsel claims, that review is doubly deferential, as both § 2254(d) and the deferential standard of *Strickland v. Washington* apply in tandem.[7] This Court must afford "both the state court and the defense attorney the benefit of the doubt."[8]

Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal

---

[3] 28 U.S.C. § 2254(d)(1)–(2).

[4] *Wood v. Allen*, 558 U.S. 290, 301 (2010).

[5] *Id.* (quoting *Rice v. Collins*, 546 U.S. 333, 341–42 (2006)).

[6] *Woods v. Etherton*, 578 U.S. 113, 116–17 (2016) (citations and internal quotations omitted).

[7] *Id.*

[8] *Burt v. Titlow*, 571 U.S. 12, 15 (2013).

question and adequate to support the judgment."[9] The exhaustion doctrine and the procedural bar are two such independent grounds. "[I]n a federal system, the States should have the first opportunity to address and correct alleged violations of [a] state prisoner's federal rights."[10] Failure to exhaust state remedies or procedurally defaulting federal claims both serve to bar habeas relief in most circumstances.[11] Unexhausted claims may also be subject to an anticipatory procedural bar—that is, federal habeas review is precluded even if the petitioner could technically return to state court to try to raise such claims, so long as it is clear that the state court would deem the claims procedurally barred under state law.[12] Oklahoma's post-conviction rules impose such a procedural bar.[13]

To overcome a procedural bar, the petitioner must demonstrate either (1) cause for the default and resulting prejudice, or (2) that a fundamental miscarriage of justice has occurred.[14] "Cause" must be some factor external to the petitioner that cannot fairly be attributed to him.[15] Attorney error rises to the level of an external cause excusing a procedural default only if the error itself amounts to a deprivation of the constitutional right to counsel.[16] A fundamental miscarriage of justice may be demonstrated by a "credible

---

[9] *Coleman v. Thompson*, 501 U.S. 722, 729 (1991).

[10] *Id.* at 731–32.

[11] *See Thacker v. Workman*, 678 F.3d 820, 835–36 (10th Cir. 2012).

[12] *See Grant v. Royal*, 886 F.3d 874, 901 (10th Cir. 2018); *Moore v. Schoeman*, 288 F.3d 1231, 1233 n.3 (10th Cir. 2002).

[13] *Grant*, 886 F.3d at 901.

[14] *Coleman*, 501 U.S. at 750.

[15] *Id.* at 753.

[16] *Edwards v. Carpenter*, 529 U.S. 446, 451–53 (2000).

showing of actual innocence," which must be supported by "new reliable evidence—whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence—that was not presented at trial."[17]

### *Analysis*

Magistrate Judge Erwin concluded that Petitioner was not entitled to habeas relief. Judge Erwin found that most of Petitioner's claims were unexhausted and/or subject to a procedural bar. For those claims that were exhausted, Judge Erwin looked to the merits of the state court determinations and found that all were consistent with clearly established federal law. Petitioner does not object to many of these conclusions. As to those unobjected-to recommendations, the Court finds that Judge Erwin applied the appropriate standards of review in his evaluation of Petitioner's grounds for relief. Applying those standards *de novo*, this Court similarly finds that habeas relief is not warranted. The Court will take up Petitioner's objections to the Report and Recommendation individually.

## I. Actual Innocence

Ground Three of the Petition includes several lines of argument, including: (1) actual innocence; (2) a *Napue v. Illinois*[18] violation; and (3) part of Petitioner's ineffective assistance of counsel claims.[19] Judge Erwin set aside the ineffective assistance arguments for consideration along with Ground Four of the Petition, which more squarely addressed those claims. As to Petitioner's actual innocence claim, Judge Erwin concluded that

---

[17] *Frost v. Pryor*, 749 F.3d 1212, 1231–32 (10th Cir. 2014).

[18] 360 U.S. 264 (1959).

[19] Pet. (Dkt. 1), at 14–35.

binding Supreme Court precedent precludes a freestanding actual innocence claim as a basis for federal habeas relief. Judge Erwin concluded that Petitioner's *Napue* claim—*i.e.*, that the prosecution knowingly relied on false evidence or false testimony—was unexhausted before the state court and subject to an anticipatory procedural bar. Judge Erwin reviewed Petitioner's arguments for "cause" to excuse the procedural default but concluded that those arguments were lacking.

Petitioner's objection on this ground largely reiterates his ineffective assistance of counsel claims. As Judge Erwin did, this Court will take those matters up under a separate heading. Petitioner does not contest Judge Erwin's procedural bar analysis for the *Napue* claim. As to the actual innocence analysis, Petitioner objects that Judge Erwin improperly characterized his actual innocence argument as a "stand alone claim."[20]

With respect, Petitioner misunderstands Judge Erwin's approach. As explained above, evidence of actual innocence is one way to demonstrate that a fundamental miscarriage of justice has occurred, which may be enough to excuse and overcome a procedural bar preventing consideration of another habeas claim. Judge Erwin appropriately considered Petitioner's actual innocence arguments in this "gateway" context in his analysis of Ground One.[21] In the Ground Three section, Judge Erwin correctly concluded that, to the extent that Petitioner was raising actual innocence as a freestanding ground for relief (a not unreasonable reading of the Petition), that claim was barred by

---

[20] Pet'r's Objs. (Dkt. 19), at 3–5.

[21] Report and Recommendation (Dkt. 18), at 14–15.

binding precedent.[22] Upon *de novo* review, this Court concurs with Judge Erwin's conclusions.

## II. Ineffective Assistance of Trial Counsel

Ground Four of the Petition primarily alleges ineffective assistance of trial counsel.[23] In the run up to his trial, Petitioner was initially represented by retained counsel, Ken Sue Dorefel. Before trial, pursuant to a payment dispute, Ms. Doreful withdrew from the case, and a public defender was appointed to represent Petitioner. Judge Erwin construed Ground Four's ineffective assistance of counsel claims to be directed against Ms. Doreful, as well as the allegedly collusive circumstances of her withdrawal.[24] Judge Erwin found that the ineffective assistance claims were procedurally barred by waiver, and that Petitioner had failed to show "cause and prejudice" to overcome the procedural default. In particular, Judge Erwin found that *Fairchild v. Trammel*[25] controlled the question of whether, under Oklahoma procedural rules, a petitioner has a reasonable time to investigate the performance of his trial counsel prior to taking a direct appeal.

Petitioner's objection to Judge Erwin's findings on Ground Four concerns only his appointed trial counsel. In his reading of the Petition, Judge Erwin concluded that Petitioner

---

[22] *See Herrera v. Collins*, 506 U.S. 390, 400–04 (1993) ("[T]his body of our habeas jurisprudence makes clear that a claim of 'actual innocence' is not itself a constitutional claim, but instead a gateway through which a habeas petitioner must pass to have his otherwise barred constitutional claim considered on the merits."); *Farrar v. Raemisch*, 924 F.3d 1126, 1130–32 (10th Cir. 2019).

[23] Pet. (Dkt. 1), at 36–42.

[24] Report and Recommendation (Dkt. 18), at 24 & n.6.

[25] 784 F.3d 702 (10th Cir. 2015).

was not alleging a separate ineffective assistance claim against his appointed counsel. While Petitioner did allege that appointed counsel was given inadequate time to prepare for trial, Judge Erwin found that these remarks occurred in the context of Petitioner's allegations of collusion between Ms. Doreful, the prosecutor, and the district judge. Petitioner argues that Judge Erwin should have separately considered the alleged ineffectiveness of Petitioner's appointed counsel.

The Court finds that Judge Erwin's reading of the Petition is eminently reasonable. However, even assuming *arguendo* that the Petition does raise a separate ineffectiveness allegation against Petitioner's appointed counsel, that claim is subject to the same procedural bar as his allegations regarding Ms. Doreful. Judge Erwin's analysis of Petitioner's "cause and prejudice" arguments, and his conclusion that those arguments were insufficient to overcome the procedural bar, are largely applicable to both claims. Petitioner objects to Judge Erwin's "cause and prejudice" analysis only as to the *Fairchild* argument, which the Court addresses below.

To the extent that the circumstances of Petitioner's appointed counsel raise a separate "cause" argument, the Court finds that it is without merit. Petitioner argues that the late appointment of new counsel effected a total denial of the right to counsel, which should be reviewed under the standards of *United States v. Cronic*[26] rather than *Strickland v. Washington*.[27] The Court disagrees. *Cronic* held that there are some extraordinary

---

[26] 466 U.S. 648 (1984).

[27] 466 U.S. 668 (1984).

circumstances where "the likelihood that any lawyer, even a fully competent one, could provide effective assistance is so small," that, unlike under the *Strickland* standard, prejudice may be assumed.[28]

No such extraordinary circumstances are apparent here. Ms. Doreful was permitted to withdraw on December 19, 2019.[29] Petitioner completed an *in forma pauperis* application on December 23, 2019, and public defenders were appointed shortly thereafter.[30] Petitioner's trial began approximately a month later, on January 27, 2020.[31] Petitioner was not deprived of counsel during critical proceedings, nor was his appointed counsel given inadequate time to prepare for trial. Accordingly, this Court's deferential review is governed by *Strickland*, not *Cronic*.[32] Petitioner's complaints about which arguments his appointed counsel chose to present at trial fall far short of demonstrating either deficient performance or prejudice.[33] The Court concludes that Petitioner has failed

---

[28] *Cronic*, 466 U.S. at 659–60.

[29] Original Record (Dkt. 14, Ex. 16), at 5.

[30] Original Record (Dkt. 14, Ex. 16), at 6–11.

[31] Original Record (Dkt. 14, Ex. 16), at 12–17.

[32] *See Lockett v. Trammell*, 711 F.3d 1218, 1247–48 (10th Cir. 2013) ("[T]he Supreme Court and this Court have emphasized the narrow application of *Cronic*."); *Turrentine v. Mullin*, 390 F.3d 1181, 1207–08 (10th Cir. 2004) ("This Court has repeatedly found the *Cronic* presumption inapplicable where 'counsel actively participated in all phases of the trial proceedings.'" (quoting *Snyder v. Addison*, 89 F. App'x 675, 680 (10th Cir. 2004)); *see also Bell v. Cone*, 535 U.S. 685, 697 (2002) ("When we spoke in *Cronic* of the possibility of presuming prejudice based on an attorney's failure to test the prosecutor's case, we indicated that the attorney's failure must be complete.").

[33] *See Strickland*, 466 U.S. at 687–88.

to demonstrate cause to excuse the procedural default of his ineffective assistance of trial counsel claims.

### III. *Fairchild v. Trammel*

Although styled as an objection to Judge Erwin's analysis of Ground Five of the Petition, Petitioner's final objection relates primarily to the alleged inability of his appellate counsel to raise an ineffective assistance of counsel claim regarding trial counsel on direct appeal.[34] As mentioned above, the Tenth Circuit held in *Fairchild* that Oklahoma's criminal procedures provide "a reasonable time to investigate a claim of ineffective assistance before raising it on direct appeal."[35] Accordingly, there is no systemic barrier that could constitute "cause" excusing a failure to raise such claims on direct appeal.[36]

Petitioner objects that *Fairchild* is not "an appropriate case to consider whether or not Oklahoma provides adequate time to raise Ineffective Assistance of Counsel" on direct appeal.[37] This is so, Petitioner argues, because *Simpson v. State*,[38] an earlier OCCA decision, effectively barred appellate consideration of ineffective assistance claims. *Simpson* embraced the Oklahoma Evidence Code's position that "substantial rights [that] were not brought to the attention of the [trial] court" may nevertheless be reviewed for

---

[34] Pet'r's Objs. (Dkt. 19), at 6–7.

[35] *Fairchild*, 784 F.3d at 720–23.

[36] *See id.*

[37] Pet'r's Objs. (Dkt. 19), at 6.

[38] 876 P.2d 690 (Okla. Crim. App. 1994).

plain error.[39] This holding does not, and has not, prevented parties from raising ineffective assistance claims on direct appeal. The Court in *Fairchild* conducted an extensive survey of OCCA appellate practice and found that "[n]umerous appeals . . . show that counsel could raise claims of ineffective assistance of trial counsel on direct appeal, including claims related to the failure to investigate and present mitigation evidence."[40] In short, *Fairchild* governs this question, and Judge Erwin's reliance on it was appropriate. Petitioner has not shown cause for his procedural default of these claims.

### Conclusion

Upon *de novo* review, the Court concurs in Magistrate Judge Erwin's conclusions. Many of Petitioner's claims are subject to a procedural bar, and he has failed to demonstrate either cause and prejudice, or a fundamental miscarriage of justice, to overcome that bar. As to Petitioner's exhausted claims, the state courts reasonably applied clearly established Supreme Court precedent in concluding that relief should be denied. Accordingly, the

---

[39] *Id.* at 694–95.

[40] *Fairchild*, 784 F.3d at 722–23 (providing fourteen examples of ineffective assistance claims considered by OCCA on direct appeal).

Court **ADOPTS** the Report and Recommendation (Dkt. 18); and **DENIES** the habeas Petition (Dkt. 1).[41]

   **IT IS SO ORDERED** this 17th day of May 2024.

_____
PATRICK R. WYRICK
UNITED STATES DISTRICT JUDGE

---

[41] Before a habeas petitioner may appeal the dismissal of a section 2254 petition, he must obtain a Certificate of Appealability ("COA"). *See Vreeland v. Zupan*, 906 F.3d 866, 875 (10th Cir. 2018) (citing 28 U.S.C. § 2253(c)(1)(A)). A COA may issue only upon "a substantial showing of the denial of a constitutional right." § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id*. Upon consideration, the Court finds the requisite showing is not met in this case. Therefore, a COA is **DENIED**.